IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| DOROTHY MAE JOHNSON, surviving spouse; and LOIS TOWNES, as Next of Kin to J. DEAN JOHNSON, deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12-02664-STA-tmp |
| CITY OF MEMPHIS, MEMPHIS, LIGHT, GAS & WATER DIVISION, | ) ) ) ) | |
| Defendant. | ) | |

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

Before the Court is Defendant Memphis Light, Gas, & Water Division's ("MLGW") Motion for Summary Judgment (D.E. # 39), filed November 1, 2013. On December 20, 2013, Plaintiffs Dorothy Mae Johnson and Lois Townes (collectively, "Plaintiffs") filed a Response in Opposition to the Motion (D.E. # 44) and on January 17, 2013, MLGW filed a Reply (D.E. # 65). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The Court finds the following facts undisputed for the purposes of summary judgment.

On February 5, 2010, decedent Dean Johnson's ("Mr. Johnson") niece Lois Jean Taylor accompanied him to MLGW's facility on Lamar Avenue to try to connect electrical utilities to his Park Avenue apartment. (Taylor Dep. 31:20-33:10, 35:4-7, D.E. # 39-7.) MLGW declined to connect Mr. Johnson's utilities, because he did not have a state photo identification card or driver's license. (*Id.* at 35:8-15, 38:8-10.) On February 26, 2010, Mr. Johnson's niece Lorena

1

Taylor Jackson accompanied Mr. Johnson to MLGW's facility to attempt once again to get his utilities connected. (Jackson Dep. 34:19-35:7, D.E. # 39-8.) MLGW again declined to connect Mr. Johnson's utilities, because he did not have the required state photo identification card. (*Id.* at 40:13-23.) On both trips, MLGW informed both Mr. Jackson and his accompanying niece that he could not have his utilities connected without a state issued identification. (*Id.*; Taylor Dep. 35:815, 38:8-10.) Neither Mr. Johnson, nor anyone acting on his behalf, contacted MLGW again after February 26, 2010. (Pls.' Am. Answer to Def.'s First Set of Interrogs. 17, Def.'s Ex. 4, D.E. # 39-9; Jackson Dep. 54:13-24.)

On August 5, 2011, Mr. Johnson died as a result of heat stroke. (Report of Diagnosis, Pls.' Ex. A, D.E. # 49.) On June 13, 2012, Plaintiffs filed a Complaint in the Circuit Court of Shelby County, Tennessee, alleging that MLGW's failure to provide utility services to Mr. Johnson caused his death in violation of 42 U.S.C. § 1983; the Government Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-205, *et seq.*; and Tennessee's wrongful death statute, Tenn. Code Ann. § 20-5-101 *et seq*. (Compl. ¶ 1, D.E. # 1-2). MLGW removed the action on July 27, 2012 (D.E. # 1).

## STANDARD OF REVIEW

A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] In reviewing a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence[,]"[2] but instead must view the evidence in the light most favorable to the nonmoving

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

2

party.[3]  When the movant supports their motion with documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[4]  It is not sufficient for the nonmoving party "simply [to] show that there is some metaphysical doubt as to the material facts."[5]  These facts must constitute more than a scintilla of evidence, and must rise to the level that a reasonable juror could find by a preponderance of the evidence the nonmoving party is entitled to a verdict.[6]  To determine whether it should grant summary judgment, the court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7]

A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial."[8]  The Sixth Circuit interprets this to mean that "the nonmoving party . . . 'put up or shut up' [on] the critical issues of his asserted causes of action."[9]

## ANALYSIS

MLGW argues that both Plaintiff's federal section 1983 claims and his state law claims are time-barred.  The Court will address each in turn.

---

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[4] *Celotex*, 477 U.S. at 324.

[5] *Matsushita*, 475 U.S. at 586.

[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[7] *Id.* at 251-52.

[8] *Celotex*, 477 U.S. at 322.

[9] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

## Section 1983 Claim

The statute of limitations for a section 1983 claim is the statute of limitations for personal injury actions under the law of the state in which the claim arises.[10] Tennessee law provides that any civil action for compensatory or punitive damages brought under the federal civil rights statutes must be commenced within one year after the cause of action accrued.[11] Thus, Plaintiffs had one year from the date the cause of action accrued to bring their section 1983 claim. MLGW argues that Plaintiffs' cause of action accrued in February 2010, when MGLW declined to provide Mr. Johnson with utility services. Plaintiffs argue that their cause of action accrued when Mr. Johnson died, in August 2011.

When the statute of limitations begins to run in a section 1983 action is a question of federal law.[12] "Ordinarily, the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."[13] To determine when the cause of action accrues, courts look at "what event should have alerted the typical lay person to protect his or her rights."[14] The weight of federal authority holds that a section 1983 wrongful death claim is time-barred when the conduct complained of occurred outside the statute of limitations, even if the death itself did not.[15]

---

[10] *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[11] Tenn. Code Ann. § 28-3-104(a)(3).

[12] *Eidson*, 510 F.3d at 635.

[13] *Id.* (citing *Kuhle Bros. Inc. v. Cnty of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)).

[14] *A to Z, Inc. v. City of Cleveland*, 281 F. App'x 458, 460 (6th Cir. 2008) (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).

[15] *See, e.g.*, *Brockman v. Texas Dept of Criminal Justice*, 397 F. App'x 18 (5th Cir. 2010) (holding that claim was time-barred where mistreatment of decedent occurred outside of statute of limitations, but decedent's suicide occurred within statute of limitations, because decedent

Here, Mr. Johnson knew of MLGW's refusal to initiate utility services as early as February 5, 2010, when he was told that his services would not be connected unless he provided state identification. Although Mr. Johnson did not die until August 5, 2011, the wrongdoing that Plaintiffs allege occurred in February 2010 and Mr. Johnson knew of that conduct at the time it occurred. Therefore, the claim arising out of that conduct accrued in February 2010. Because Plaintiffs did not file their Complaint until June 13, 2012, more than one year had passed since the claim accrued and Plaintiffs' section 1983 claim is time-barred.

## GTLA and Wrongful Death Claims

Plaintiffs also assert that MLGW's failure to connect Mr. Johnson's utilities violated the GTLA and Tennessee's wrongful death statute. Both causes of action have a one year statute of limitations. The GTLA provides that a GTLA "action must be commenced within twelve (12) months after the cause of action arises."[16] Likewise, although the Tennessee wrongful death statutes do not contain a specific statute of limitations, Tennessee "courts have uniformly applied the one-year statute of limitation contained in § 28-3-104 governing actions for personal injuries to actions for wrongful death."[17] Like with their section 1983 claim, Plaintiffs argue that these

---

"should have known the quality of the treatment he was receiving before" his date of death."); *Lockhart v. Govt of Virgin Islands*, 2009 WL 812266 (D. Vi. March 26, 2009) (holding that claim was time-barred where decedent was shot one day before he died and date of shooting was outside statute of limitations, but date of death was within the statute of limitations); *Ferderber v. Cnty of Allegheny*, 2006 WL 909478 (W.D. Pa. April 7, 2009) (same); *Garrett v. Belmont Cnty Sheriff Dept.*, No. 2:08-cv-0452, 2011 WL 765975, (S.D. Ohio Feb. 25, 2011) (holding 1983 claim was time-barred where decedent was denied medical attention by defendants outside statute of limitations and committed suicide at a later date within the statute of limitations).

[16] Tenn. Code Ann. § 19-20-305(b).

[17] *Collier v. Memphis, Light, Gas & Water Div.*, 657 S.W.2d 771, 774 (Tenn. Ct. App. 1983) (citing *Jones v. Black*, 539 S.W.2d 123 (Tenn. 1976)).

causes of action accrued at Mr. Johnson's death, while MLGW argues that they accrued in February 2011, when MLGW refused to initiate Mr. Johnson's utility services.

A cause of action for wrongful death accrues on the date on which the claim accrues for the injury which resulted in the death.[18] "Where one suffers personal injury in an accident and death later occurs, whether directly or indirectly caused by those injuries, the one year statute of limitations runs from the date of the injury; not from the date of death."[19] Further, "[t]he wrongful death statute . . . does not create a new right of action for the beneficiaries; it only preserves the Decedent's right of action. Therefore, the statute may begin to run on the date of the Decedent's injury rather than the date of death."[20] Similarly, "a cause of action 'arises' under the GTLA when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she sustained an injury as a result of the defendant's wrongful conduct."[21] Because the same discovery rule applies to claims under GTLA as claims under Tennessee's wrongful death statute, the Court will apply the same analysis and finds that the statute of limitations begins to run on the date of Plaintiffs' injury, rather than the date of death.

As discussed above, the wrongful conduct, which caused the injury here was MLGW's failure to turn on Mr. Johnson's utilities. This injury caused Mr. Johnson's death. Both Mr. Johnson and his nieces knew of this injury when it occurred in February 2010. Therefore, although Mr. Johnson did not die until August 2011, the injury which starts the running of the

---

[18] *Craig v. R.R. Street & Co., Inc.*, 794 S.W.2d 351, 355 (Tenn. Ct. App. 1990), *perm. app. denied*, (Tenn. 1990).

[19] *Hooper v. State Farm Mut. Auto. Ins. Co.*, 682 S.W.2d 505, 507 (Tenn. Ct. App. 1984).

[20] *Holliman v. McGrew*, 343 S.W.3d 68, 74 (Tenn. Ct. App. 2009) (internal citations omitted).

[21] *Sutton v. Barnes*, 78 S.W.3d 908, 916 (Tenn. Ct. App. 2002) (citing *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998)).

statute of limitations occurred in February 2010. Because Plaintiffs did not file their Complaint until June 2013, the one year statute of limitations expired and both their wrongful death claim and their GTLA claim are untimely.

## Tolling of the Statute of Limitations

Plaintiffs argue alternatively that the statutes of limitations on the claims did begin to run in February of 2010, but that they were tolled because Mr. Johnson was of unsound mind. Under Tennessee law, the statute of limitations for a personal injury cause of action may be tolled if "the person entitled to commence [the] action is, at the time the cause of action accrued . . . adjudicated incompetent."[22] Plaintiffs have provided no evidence that Mr. Johnson had been adjudicated incompetent at the time of the injury. Instead, Plaintiffs rely on an old version of Tennessee Code Annotated section 28-1-106, which stated that the statute of limitations could be tolled "if the person entitled to commence [the] action is, at the time the cause of action accrued . . . of unsound mind."[23] The test for determining whether a person was of unsound mind for purposes of that version of the statute was "whether that individual was unable to manage his or her day-to-day affairs at the time the cause of action accrued."[24] That version of the tolling statute remained in effect until June 30, 2011 and therefore was the operative statute at the time Plaintiffs' cause of action accrued, although not at the time of Mr. Johnson's death or when Plaintiffs filed their Complaint. However, because this version of the tolling statute was in effect

---

[22] Tenn. Code Ann. § 28-1-106 (2011).

[23] Tenn. Code Ann. § 28-1-106 (amended 2011).

[24] *Wilhite v. Corr. Corp. of Am.*, 498 F. App'x 499, 502 (6th Cir. 2012) (internal quotations and citation omitted); *see also Wade v. Knoxville Utils. Bd.,* 259 F.3d 452, 461 n. 5 (6th Cir. 2001) ("To be of 'unsound mind,' Tennessee law requires that one be incapable of attending to any business or taking care of himself.").

at the time Plaintiffs' cause of action accrued, the Court will consider whether Plaintiffs have provided sufficient evidence to defeat summary judgment.

The only evidence Plaintiffs have offered in support of their claim that Mr. Johnson was of unsound mind from the time MLGW refused him services until his death are the affidavits of Lorena Jackson and Melvin Hunt. However, these affidavits are insufficient to create a disputed issue of fact sufficient to defeat summary judgment. As the Supreme Court has noted, appellate courts "have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity."[25] Thus, courts have held that a party cannot create avoid summary judgment by filing an affidavit that contradicts earlier deposition testimony.[26] Prior to filing their Response to MLGW's Motion for Summary Judgment, Plaintiffs had not raised the applicability of Tennessee Code annotated section 28-1-106 or alleged that Mr. Johnson was of unsound mind. To the contrary, Plaintiffs' Complaint alleges that "Mr. Johnson was a healthy, active, and industrious man, sixty-five (65) years of age, who worked for more than thirty-five (35) years full-time for the City of Memphis Public Works/Sanitation Department, earning $37,000 per year."[27] Further, nothing in any of the excerpts of deposition testimony that either Party has provided suggests that Mr. Johnson was unable to conduct his day to day affairs or that he was of unsound mind. Courts have used the same reasoning discussed above to conclude that a party's "statement[s] in his affidavit, which clearly contradict[] factual allegations made in his complaint, [are] insufficient

---

[25] *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999) (citations omitted).

[26] *See, e.g.*, *Aerel, S.R.L, v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006); *Peck v. Bridgeport Machines, Inc.*, 237 F.3d 614, 619 (6th Cir. 2001)

[27] (Compl. ¶ 4.)

to create an issue of material fact to defeat a motion for summary judgment."[28] The Court finds that rule applicable here and as such concludes that Plaintiffs cannot now submit the affidavits of Jackson and Hunt to create a dispute of material fact with their own allegations sufficient to defeat summary judgment. Therefore, Plaintiffs have provided no evidence to show that Mr. Johnson was of unsound mind and that the statute of limitations should be tolled.

## Alternative Statutes of Limitations

Plaintiffs offer as an alternative argument that the one year statutes of limitations discussed above do not apply to their claims. Rather, they argue, either the three year statute of limitations for property tort claims provided in Tenn. Code Ann. section 28-3-105 or the six-year statute of limitations for written or oral contracts provided in Tenn. Code Ann. section 28-3-109(3) apply here. However, Plaintiffs Complaint clearly asserts causes of action based on the personal injury to their decedent, Mr. Johnson, not any injury to his property. Nowhere do they claim that MLGW breached any contract with Mr. Johnson. Thus, these arguments are without merit and the one year statutes of limitations applied by the Court above govern in this case.

---

[28] *In re Taylor*, No. 11-61117-jms, 2012 WL 2325659, at *3 (Bankr. E.D. Ky. June 19, 2012) (citing *Harriet & Henderson Yarns, Inc. v. Castle*, 75 F. Supp. 2d 818, 835 (W.D. Tenn. 1999)).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** MLGW's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date: March 25, 2014.