IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| DOROTHY MAE JOHNSON, surviving spouse; and LOIS TOWNES, as Next of Kin to J. DEAN JOHNSON, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:12-cv-02664-STA-tmp |
| MEMPHIS LIGHT, GAS & WATER DIVISION | ) ) ) ) | |
| Defendant. | ) | |

_____

**ORDER DENYING PLAINTIFFS' MOTION FOR REVISION
OF ORDER EXCLUDING TESTIMONY OF MIGUEL LABOY, M.D.
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
_____

Plaintiffs Dorothy Mae Johnson and Lois Townes filed this action against Defendant Memphis Light Gas & Water Division ("MLGW'), alleging that MLGW wrongfully failed to provide utility service to their decedent J. Dean Johnson and that this refusal led to Johnson's death as the result of hyperthermia or heat stroke. (ECF No.1-2.) Defendant MLGW has filed a motion for summary judgment. (ECF No. 127.) In response, Plaintiffs filed a motion for revision of the Court's prior order (ECF No. 126) that excluded the testimony of Plaintiffs' expert, Miguel Laboy, M.D., as to Johnson's cause of death. (ECF No. 130.) Plaintiffs have also filed a response to the motion for summary judgment in which they acknowledge that, if the motion for revision is not granted, Defendant is entitled to summary judgment. (ECF No. 131). Defendant has filed a response to Plaintiffs' motion for revision (ECF No. 133), and a reply to Plaintiffs' response to Defendant's motion for summary judgment. (ECF No. 132.) For the

reasons set forth below, Plaintiffs' motion for revision is **DENIED**, and Defendant's motion for summary judgment is **GRANTED**.

<u>Plaintiffs' Motion for Revision of Order Excluding Testimony of Miguel Laboy, M.D.</u>

Plaintiffs have filed their motion pursuant to Local Rule 7.3 and Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Under Local Rule 7.3, "any party may move pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order" before the entry of judgment.[1]

Local Rule 7.3(b) lists the grounds for revision and requires the moving party to show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.[2]

Thus, as with motions filed under Rule 59(e) of the Federal Rules of Civil Procedure, a motion for revision to an interlocutory order may not be based on legal arguments or evidence that the movant failed to raise in the earlier motion.[3] Additionally, Local Rule 7.3(c) prohibits the

---

[1] L.R. 7.3(a); *see also Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

[2] L.R. 7.3(b).

[3] *See Liberty Legal Found. v. Democratic Nat. Comm.*, 2012 WL 6026496 at *3 (W.D. Tenn. Dec. 4, 2012), *aff'd sub nom. Liberty Legal Found. v. Nat'l Democratic Party*, 575 F. App'x 662 (6th Cir. 2014).

repetition of any argument the party moving for revision made during the initial consideration of the issues.[4]

In this case, Plaintiffs have not established any of the grounds required for revision of an interlocutory order. Plaintiffs have failed to show that there exists a material difference in fact or law from that which was presented to the Court before entry of the order and/or that in the exercise of reasonable diligence, they did not know such fact or law at the time of the interlocutory order.[5]

Plaintiffs' expert witness disclosures disclosed Dr. Laboy as an expert witness and stated that Dr. Laboy "will testify along the lines of his report that J. Dean Johnson's cause of death resulted from probable heat stroke due to the fact that he was inside his secured apartment, which did not have any utilities and the temperature in the bedroom was 93.2 degrees, with 63% humidity, and that the manner of his death is accident. He will also testify that Plaintiff J. Dean Johnson had no significant medical history."[6] In the order granting Defendant MLGW's motion to exclude the testimony of Dr. Laboy, the Court examined Dr. Laboy's opinion under Rule 702 of the Federal Rules of Evidence which governs the admissibility of expert testimony[7] and found

---

[4] L.R. 7.3(c); *Liberty Legal Found.*, 2012 WL 6026496 at *3.

[5] *See McDonald v. City of Memphis*, 2013 WL 3753628 at *2 (W.D. Tenn. July 15, 2013) (denying a motion for revision under Local Rule 7.3. because the arguments made in the motion were based on law and facts that were available to the movant at the time of the order and the movant did not show otherwise. "[The] Motion is merely a vehicle to state arguments . . .that he chose not to make previously.").

[6] (Pls' Exp Disc., ECF No. 111-1.) Dr. Laboy is the medical examiner who performed Johnson's autopsy and Plaintiff's only expert as to causation.

[7] Fed. R. Evid. 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto

meritorious Defendant's arguments that Dr. Laboy's conclusion that Johnson's cause of death "resulted from probable heat stroke" should be excluded on the grounds that it was not expressed to the requisite degree of medical certainty, it would not assist the jury in understanding the evidence or in determining a fact in issue, and the opinion was unreliable because Dr. Laboy's methodology was flawed and Dr. Laboy did not reliably rule in or rule out other potential causes of Johnson's death.[8] The Court determined as follows:

> Dr. Laboy did not explain why heat stroke caused Johnson's death other than to state that Johnson was found in a hot environment and that hot environments may cause heat stroke, and he failed to analyze or rule out alternate causes such as cardiac arrest. Such a speculative opinion is based on unreliable methodology and must be excluded under *Daubert* [*v. Merrell Dow Pharm., Inc.*, 590 U.S. 579, 589 (1993)] and *Best* [*v. Lowe's Home Centers, Inc.*, 563 F.3d 171, 178 (6th Cir. 2009)]. Accordingly, the motion to exclude Dr. Laboy's opinion regarding Johnson's cause of death from the trial of this matter is **GRANTED**.[9]

In their motion for revision, Plaintiffs assert that (1) Dr. Laboy, as the County Medical Examiner, is both a fact witness and an expert witness, and his opinion should be admitted into evidence pursuant to Tenn. Code Ann. § 38-7-110; (2) Dr. Laboy's opinion does, in fact, meet the standard for the admissibility of expert opinions; and (3) Dr. Laboy's opinion goes beyond "possibility" of causation and is actually a "probability" of causation opinion.[10] Plaintiffs' arguments are not persuasive.

---

> in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

[8] (Order, pp. 2 -3, ECF No. 126.)

[9] (*Id.* at p. 11.)

[10] (Pls' Mot., pp. 1-2, ECF No. 130).

Plaintiffs contend that, under Tenn. Code Ann. § 38-7-110(a) and (c), both state and federal courts must admit a Tennessee medical examiner's report.[11] Although they state that their counsel was unaware of this statute during the initial briefing of Defendant's motion to exclude Dr. Laboy's testimony, they do not – and cannot - contend that there was a change in the law or that the Court did not apply the law correctly or they did not know of the statute despite the "exercise of reasonable diligence."[12] Accordingly, Plaintiffs have not met the criteria required for the Court to set aside its previous order on this ground.

However, even if the criteria had been met, as noted by Defendant, this statute does not apply in this Court. Section § 38-7-110 concerns the admissibility of autopsy reports in Tennessee state proceedings and provides as follows:

> (a) The records of the division of post mortem examination, the county medical examiner, or transcripts of the records certified to by the chief medical examiner or the deputy medical examiner or the duly appointed representative of the chief medical examiner, and the reports of the toxicology laboratory examinations performed by the testing laboratory or transcripts of the reports certified to by the director of the testing laboratory or the director's duly appointed representative, shall be received as competent evidence **in any court of this state** of the facts and matters contained in the records or reports.
>
> ….
>
> (c) Subject to subsection (d), the reports of the county medical examiners, toxicological reports and autopsy reports shall be public documents. Medical records of deceased persons, law enforcement investigative reports, and photographs, video and other images of deceased persons shall not be public records.[13]

By its plain language, the statute applies only to proceedings in Tennessee's state courts.

---

[11] (*Id.* at pp. 2-3.)

[12] L.R. 7.3(b).

[13] Tenn. Code Ann. § 38-7-110(a) and (c) (emphasis added).

Moreover, even if the Court found that the statute applied in this Court and in this proceeding, Plaintiffs would only be allowed to present Dr. Laboy's autopsy reports and records – and not his opinion as to those reports and records.[14] The records themselves do not establish the causation necessary for Plaintiffs to defeat Defendant's motion for summary judgment.

Next, Plaintiffs attempt to rely on a newly filed affidavit of Dr. Laboy in which he contends that his cause of death opinion is not speculative.[15] Plaintiffs have made no showing that the affidavit could not have been obtained in the exercise of reasonable diligence at the time of the initial briefing on Defendant's motion to strike Dr. Laboy's opinion.

Even if the affidavit is considered, it does not cure the deficiencies in Dr. Laboy's original opinion. The affidavit references Tenn. Code Ann. § 38-7-110, quotes testimony from Dr. Laboy's deposition that the Court has already considered, and states in a conclusory manner that Dr. Laboy's cause of death opinion was not speculative and that it was expressed to a reasonable degree of medical certainty. "[A]n expert's mere incantation of legally sufficient words or phrases does not make an expert's opinion admissible."[16] "If Rule 703 is to be any kind of limit on the ability of expert witnesses to give their opinions, a court must be permitted to examine the bases of the proffered opinions. Otherwise any case in which an expert was willing

---

[14] *C.f. Teets v. Woodall*, 2005 WL 6007053 (Jan. 5, 2013) (allowing admission of a death certificate as a public record with the conclusions of the coroner redacted because the coroner had not offered a competent basis for his conclusions). The issue of whether § 38-7-110 applied in federal court was not raised in *Teets*. *See also State v. Hawkins*, 1998 WL 352095 at *7 (Tenn. Crim. App. July 2, 1998) ("Tenn. Code Ann. § 38-7-110 establishes that autopsy reports are to be perceived as public documents which shall be received as competent evidence in any court of this state.")

[15] (Laboy Aff., ECF No. 130-2.)

[16] *Wooley v. Smith & Nephew Richards, Inc.*, 67 F. Supp.2d 703, 711 (S.D. Tex. 1999) (citation omitted).

to use two sets of magic words would always survive motions for summary judgment and directed verdict."[17]

This Court has already examined Dr. Laboy's methodology and opinions and has determined that his opinion is inadmissible. A statement from Dr. Laboy that he believes that his opinion is not speculative does not convince the Court to change its prior decision. Because Plaintiffs have failed to make the requisite showing for relief under Local Rule 7.3, the motion for revision is **DENIED**.

Defendant's Motion for Summary Judgment

Defendant MLGW has moved for summary judgment on the ground that, without Dr. Laboy's expert opinion as to the cause of the decedent's death, Plaintiffs cannot prove an essential element of their claims.[18] Plaintiffs have responded and "concede that an essential element of Plaintiffs' causes of action is causation namely, whether Plaintiffs can bear their burden of proof as to whether J. Dean Johnson died from heat stroke due to MLGW's wrongful denial of a utilities account," and they acknowledge that "the motion for summary judgment turns on the admissibility of the opinion of Dr. Laboy."[19]

---

[17] *Turpin v. Merrell Dow Pharmaceuticals Inc.*, 736 F. Supp. 737, 744 (E.D. Ky. 1990) (citation omitted). *C.f. Provident Life & Acc. Ins. Co. v. McCoy*, 2006 WL 5909027 at *12 (S.D. Ohio Feb. 1, 2006) (discussing that an expert is not required to use "magic words" in rendering an opinion but, instead, an expert's "opinion is admissible if it provides evidence of more than a mere possibility or speculation").

[18] (Def's Memo., ECF No. 127-1).

[19] (Pls' Resp., p. 2, ECF No. 131.)

Accordingly, Defendant is entitled to judgment as a matter of law because the undisputed facts show that Plaintiffs cannot prove that the actions of Defendant caused the death of J. Dean Johnson,[20] and Defendant's motion for summary judgment is **GRANTED.**

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. Thomas Anderson
UNITED STATES DISTRICT JUDGE

Date: June 28, 2016.

---

[20] *See Johnson v. Lincoln Cty.*, 2008 WL 2697308, at *25 (E.D. Tenn. May 25, 2008) (quoting *Rains v. Bend of the River*, 124 S.W.3d 580, 598 (Tenn. Ct. App. 2003) ("In order to recover on a claim for wrongful death under Tenn. Code Ann. § 20-5-113, a plaintiff must prove a 'defendant committed a wrongful act, fault, or omission and that this wrongful act or omission caused the decedent's death.'"))